UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN WEHMEYER, a single man; and
NORTHWEST PACIFIC, INC., a Nevada
corporation,

           Plaintiffs,

    v.

KITSAP COUNTY, a political subdivision of
the State of Washington,

           Defendant.

Case No. 05-5627 KLS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
OF DISMISSAL

    Defendant Kitsap County filed a Motion for Summary Judgment (Dkt. #11) requesting dismissal of the plaintiffs' claims on two grounds, the running of the statute of limitations and res judicata. This court finds that the plaintiffs' claim is barred by the statute of limitations and should therefore be dismissed with prejudice.

    **FACTS:** On October 24, 2001 the defendant issued a citation to the plaintiff for violating sections 17.445.010 and 17.445.070 of the Kitsap County Code ("Sign Ordinance"). The facts surrounding the citation and the underlying case can be found at *Kitsap County v. Mattress Outlet,* 153 Wn.2d 506, 104 P.3d 1280 (2005) and need not be repeated for purposes of this motion.

    A Kitsap County District Court Judge conducted a hearing on the alleged violation on May 22, 2002 and on August 8, 2002 issued a decision finding the ordinance unconstitutional. Kitsap County

appealed the District Court's decision to the Superior Court. On May 17, 2003 a Kitsap County Superior Court Judge reversed the District Court's decision and found the ordinance constitutional. The Washington State Supreme Court reversed the Superior Court on January 27, 2005 with four of the justices finding the ordinance unconstitutional.

The plaintiff filed a notice of claim against Kitsap County on June 11, 2004 and filed this action in Pierce County Superior Court on August 25, 2005. The case was subsequently removed to federal court.

**DISCUSSION:** The defendant's rely on *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2000) in support of its motion for summary judgment. This court finds the reasoning in *RK Ventures* applicable to this civil case.

It is undisputed that the plaintiffs' § 1983 claim is subject to a three-year statute of limitations. According to the holding in *RK Ventures*, the statute of limitations commenced running on the date the citation was issued, October 24, 2001. This date was the "operative decision" and all other court proceedings were the inevitable consequence of this decision. The plaintiffs filed their claim on August 25, 2005, more than three years after the statute of limitations commenced running. The plaintiffs' claim is therefore time barred and the defendant is entitled to summary judgment of dismissal.

This court notes that the cases relied on by the plaintiff in opposition to the defendant's motion are based on either criminal cases or takings cases. Neither type of case is applicable to the case at bar.

The defendant's motion for summary judgment of dismissal is hereby GRANTED and this case is hereby dismissed with prejudice.

DATED this 5th day of February, 2006.

    /s/ Karen L. Strombom
Karen L. Strombom
U.S. Magistrate Judge